# NEW YORK SUPERIOR COURT.

## HANNAH SOLOMON agt. DAVID SOLOMON.

To entitle the plaintiff to *alimony and counsel fee*, in an action for divorce for cruel and inhuman treatment, she must make it appear that she has been injured, and present a meritorious cause of action.

A *single instance of cruelty* is not sufficient cause to authorize the court to interfere, although vague charges of cruel treatment are also made against the husband. The parties to a marriage contract should bear long and patiently with each other; they should exercise the most forgiving spirit, and seek by all possible means to reconcile their differences, before resorting either to the protection or the power of the law to redress their wrongs. They should become fully satisfied that there was no longer any possibility that the duties of their married life can be discharged.

*Special Term, February*, 1863. ·

·THE motion is for alimony and counsel fee to the plaintiff, in an action for a limited divorce.

MONELL, J. It is not a matter of course to allow temporary alimony and an advance to her counsel, in an action by the wife for a limited divorce (*Worden* agt. *Worden*, 3 *Edw.* 387). There must appear to be an injury, and a meritorious cause of action (*Id*).

Separations which may be adjudged for cruel and inhuman treatment of the wife by the husband, must be founded upon something more than mere austerity of temper, severity of language, or occasional ebulitions of passion (*Mason* agt. *Mason*, 1 *Edw.* 278). To constitute the *sævitia* of the civil law, bodily injury or an act of personal violence is not necessary. It is made out by a *series* of unkind treatment, accompanied by words of menace, creating a reasonable apprehension that bodily injury may result. The causes of apprehension must be weighty, and show an impossibility that the duties of the married life can be discharged (2 *Kent's Com.* 126).

The plaintiff in her affidavit, with the exception of general and vague charges of cruel treatment by her husband, states but a single act. She says that while sitting in her chair, holding her youngest child in her lap, the defendant suddenly pulled from under her the chair upon which she was sitting, causing her to fall with great violence upon the floor; that he also at the same time attempted to break her hand by holding and squeezing it, and that while she was lying upon the floor he kicked her several times with his foot. For this assault, it seems he was arrested upon her complaint, and was required to give security to keep the peace.

Throwing out of view her general statements of cruel treatment, which are entirely unsupported by any act or fact, we have a single instance of cruelty, or which if the

defendant's affidavit is true (and it is entitled to the same credence as the plaintiff's), may hardly be denominated a cruelty, upon which the plaintiff seeks a judicial separation from her husband. It does not seem to me that this is sufficient cause to authorize the court to interfere. It was but a single instance of apparently harsh and unkind treatment, which, if as the plaintiff states it, should receive the reprobation of every just person. It was, however, an act which might be forgiven, and which if not repeated, should be forgiven. The parties to so solemn and sacred a contract as that of marriage, should bear long and patiently with each other; they should exercise the most forgiving spirit, and seek by all possible means to reconcile their differences, before resorting either to the protection or to the power of the law to redress their wrongs. They should become fully satisfied that there was no longer any possibility that the duties of their married life can be discharged. The case which the plaintiff may be able to establish on the trial of this action, does not necessarily appear from the affidavits read on this motion. She may prove enough to entitle her to the relief she demands. But she has failed to satisfy me that she has a meritorious cause of action, and upon the papers before me I must deny her motion. I do this with less reluctance, inasmuch as in this court she can have a very speedy trial, when she can have an opportunity, if she shall be able to satisfy the court that she is entitled to its protection and aid.