Brady, J.
In actions for limited divorce it is a matter of discretion, not of course, whether alimony shall be allowed. It should appear, from an examination of the proofs submitted, that there is a meritorious cause of action and a reasonable probability of the plaintiff’s success (Hollerman v. Hollerman, 1 Barb., 64; Bissell v. Bissell, Id., 430; Solomon v. Solomon, 28 How. Pr., 218; Carpenter v. Carpenter, 19 Id., 537; Boubon v. Boubon, 3 Robt., 715).
This application is marked by a decided conflict of evidence as to nearly all the charges on which the plaintiff’s case rests, and thus too much doubt is created of her ultimate success. It is well known, it is true, to our profession and to the judiciary, that a trial upon affidavits is very unsatisfactory, but the authorities cited show, and such is the general practice observed on motions of its kind in actions like this, that a quasi trial takes place. I yield to precedent and authority without expressing my views as to the propriety of distinctions on this subject between suits for divorce a -vinculo and a mensa et thora. When in addition to the doubt, however, it appears that the plaintiff has an income of her own sufficient for her support, although not in the style in which her own and her husband’s estate would secure, the duty to refuse an allowance pendente lite with proper regard to the rule which must govern is apparent.
I do not, however, entertain the same opinion in reference to the counsel fee. The case presented by the plaintiff is prima facie sufficient, and it may be arnpli *293 fled so as to assume a very different and more imposing aspect on the examination orally of the witnesses pro and con. For the purpose of securing the services of counsel and making the necessary preparation for trial, an allowance should be made, the plaintiff’s income being too limited to draw upon for that purpose. This part of the motion is granted, therefore, because it does not follow that the plaintiff may not maintain her complaint, although it is seemingly answered; and because, as suggested, her income is not sufficient to support her and defray the expenses of a law suit, which it cannot be said is vexatious or without probable cause.
It being evident; that this will be a close litigation, I think the sum named for the object designated, should be one thousand dollars.
Ordered accordingly.