,53 NEW YORK SUPPLEMENT
and 87 New York State Reporter.

(33 App. Div. 244.)

## ITZKOWITZ v. ITZKOWITZ.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

HUSBAND AND WIFE—ACTION FOR SEPARATION.

> While it may be that a single instance of cruelty is not of itself enough to justify an action by a wife for a separation, yet a complaint which alleges, in addition to a brutal beating on a given occasion, that the defendant has absented himself from home, and has failed to furnish the plaintiff with the necessaries of life, and that his entire course of conduct to her prior to the abandonment was so brutal as to undermine her health, states facts sufficient to constitute a cause of action.

Appeal from special term, New York county.

Action by Rosa Itzkowitz against Jacob Itzkowitz. From an order granting alimony and counsel fees, defendant appeals. Affirmed.

Argued before BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

J. Levy, for appellant.

B. Lewinson, for respondent.

PER CURIAM. The principal ground urged for reversal is that the complaint does not state facts sufficient to constitute a cause of action. This seems untenable. It is alleged that the defendant, on March 26, 1898, "brutally beat this plaintiff about the head and face." It is further alleged that defendant has absented himself from his home since May 16, 1898; that he has failed to furnish plaintiff with the necessaries of life; and that his entire course of conduct towards her prior to the abandonment was so brutal as to undermine her health. Whatever the proof, these allegations are sufficient. It may be that a single instance of cruelty is not of itself enough to justify a suit for a separation (Solomon v. Solomon, 28 How. Prac. 218); but, taken in connection with the other averments here, the beating alleged is sufficient. The general ill treatment is alleged to have been sufficient to impair the plaintiff's health, and so comes up to the legal requirements. Perry v. Perry, 2 Paige, 501. The allegations of the complaint are supported by the verified averments of the petition, which are corroborated by the affidavit of the petitioner's mother.

The plaintiff's allegations are denied by the defendant's affidavits; but a fair question seems to have been presented for the exercise of the discretion of the special term, which should not be disturbed. The order should consequently be affirmed, with $10 costs and disbursements.